**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0561-17T4

M.M.,

    Plaintiff-Appellant,

v.

PORT AUTHORITY TRANS-
HUDSON CORPORATION,

    Defendant-Respondent.

_____

        Argued October 2, 2018 – Decided November 1, 2018

        Before Judges Rothstadt, Gilson, and Natali.

        On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4751-15.

        Patrick J. Finn argued the cause for appellant (Steven M. Lafferty, attorney; Patrick J. Finn, on the brief).

        Lauren T. Grodentzik argued the cause for respondent (Port Authority Law Department, attorneys; Lauren T. Grodentzik, on the brief).

PER CURIAM

Plaintiff M.M. is a former employee of defendant Port Authority Trans-Hudson Corporation (PATH or defendant).[1]  She alleges that she suffers from post-traumatic stress disorder (PTSD) as a result of being exposed to diesel fumes while at work.  On the day that she was exposed to the fumes, she fainted and was taken to the hospital.  She appeals from an August 4, 2017 order granting summary judgment to PATH and dismissing with prejudice her claims under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 to 60.  She also appeals from a September 15, 2017 order denying her motion for reconsideration.

This appeal centers on the question of whether plaintiff's fainting is a sufficient physical impact to bring her claim for emotional distress within the ambit of the zone-of-danger test defined by federal courts interpreting FELA. We hold that plaintiff's allegations are sufficient to satisfy the physical impact prong of the zone-of-danger test.  Accordingly, we reverse the order granting summary judgment to defendant and remand for further proceedings.

I

We take the facts as developed in the summary judgment record and view them in the light most favorable to plaintiff.  Plaintiff was employed as a senior

---

[1]  We use initials for plaintiff to protect her privacy interests.

A-0561-17T4

signal designer for PATH. As part of her responsibilities, plaintiff worked on circuit and wiring detail changes and often performed that work inside PATH train tunnels.

On December 9, 2012, plaintiff reported to work, and at approximately 2:45 p.m. she entered a train tunnel. When she entered the tunnel, she smelled diesel fumes and saw blue smoke. As she walked farther into the tunnel, she observed that the blue smoke and diesel odor was coming from two idling trucks. She telephoned the trainmaster to report the diesel fumes and to request that the vent fans in the tunnel be activated. Shortly thereafter, the fans were turned on, but they ran for only one hour from approximately 3 p.m. to 4 p.m. Plaintiff also donned two dust masks.

At approximately 6 p.m., plaintiff was working at a table in a relay room, located in the tunnel, and she began to feel dizzy. She put her head down on the table to rest, fainted, fell off the chair, and the right side of her head and body hit the floor. Plaintiff's supervisor notified the trainmaster, an emergency squad was dispatched, and plaintiff was removed from the tunnel and transported to a hospital.

At the hospital, plaintiff received a computed tomography (CT) scan of her head. A CT scan combines a series of x-ray images to create three-

dimensional views of body organs and tissues.  Gale Encyclopedia of Medicine, 1106-07 (4th ed. 2012).  The CT scan revealed no injuries or medical issues. Plaintiff was discharged from the hospital later that night.  Her final diagnosis was "syncope," that is, fainting.

The next day, plaintiff followed up with her psychiatrist, whom she had been seeing since approximately 2001.  The psychiatrist had been treating plaintiff for symptoms related to bipolar disorder and had prescribed medication for plaintiff.  On December 10, 2012, the psychiatrist increased the amount of medication prescribed to plaintiff.  Thereafter, the psychiatrist diagnosed plaintiff with PTSD and opined that it was a consequence of the incident on December 9, 2012.  In a letter dated January 6, 2017, the psychiatrist reported to plaintiff's counsel that plaintiff "continues to demonstrate symptoms of posttraumatic suffering."  The psychiatrist then opined:

> I am of the opinion, to a reasonable degree of medical certainty, that patient's psychological suffering is the direct result of severe stress from the 12/09/2012 accident, which caused impairment of patient's mental state.  Patient continues to suffer from chronic symptoms of depression and anxiety and her prognosis for full recovery was poor at the time of last evaluation.

In addition to seeing a psychiatrist, plaintiff was also receiving therapy from a licensed psychologist.  Between 2001 and December 9, 2012, plaintiff

4

visited with her psychologist on a biweekly basis. For several months after the December 9, 2012 incident, plaintiff saw her psychologist twice a week. The psychologist reported that plaintiff "was functioning at a very high level" prior to December 2012. After the incident, the psychologist opined that plaintiff was suffering from severe PTSD. In a letter sent to plaintiff's counsel, dated March 30, 2017, the psychologist opined:

> It is my impression that [plaintiff] will not be able to return to work and her inability to return to work is based on a lack of trust for anyone outside of her family, which was brought on by her significant difficulty at PATH and the inconsistency with which the administration treated her.

Following the incident on December 9, 2012, plaintiff did not return to work until October 28, 2013. At that time, she was assigned to "desk duty" as directed by a PATH psychologist. While on "desk duty," plaintiff was not to work in the "field," which included the train tracks and tunnels. After working several days, on November 4, 2013, plaintiff left her position with PATH and, thereafter, she did not return to work. Accordingly, plaintiff has not been employed since November 4, 2013.

On November 18, 2015, plaintiff filed a complaint against PATH seeking damages under FELA for the emotional distress injuries she suffered from the

December 9, 2012 incident.[2] Specifically, plaintiff claims that she suffers from PTSD. While she acknowledges that she did not suffer any permanent physical injury on December 9, 2012, she asserts that she suffered a physical impact when she fainted and fell to the floor.

The parties engaged in and completed discovery. During discovery, plaintiff was deposed, and her counsel produced the letters from her psychiatrist and psychologist, which described plaintiff's PTSD. Just before the close of discovery, PATH moved for summary judgment. In opposition, plaintiff produced an expert report from a toxicologist who opined that the exposure to the diesel fumes caused plaintiff to faint on December 9, 2012.

The trial court heard oral arguments on the motion on August 4, 2017. That same day, the court entered an order granting summary judgment to PATH and dismissing plaintiff's FELA claim with prejudice. The court explained its ruling on the record. The trial court found that plaintiff's case was similar to the United States Supreme Court case in Metro-North Commuter Railroad Co. v. Buckley, 521 U.S. 424 (1997). In Buckley, the Supreme Court held that emotional distress damages could not be recovered under FELA by a worker

---

[2] State and federal courts are vested with concurrent jurisdiction to hear FELA cases. 45 U.S.C. § 56.

A-0561-17T4

who was disease-free, but had been exposed to asbestos. Id. at 432. The trial court here reasoned that "if asbestos is not within the zone of danger as per the Supreme Court of the United States, then diesel fumes/carbon monoxide is not within the zone of danger." The trial court then reasoned:

> [T]he fumes and/or carbon monoxide present by - - presented by plaintiff was that of a simple physical contact with a substance that might cause a disease at a substantially later time and, therefore, the claim for negligent infliction of emotional distress may not be upheld under FELA, therefore, summary judgment is granted.

Plaintiff moved for reconsideration. On September 15, 2017, the court denied plaintiff's motion. Plaintiff now appeals.

## II

On appeal, plaintiff makes four arguments. She contends that the trial court erred (1) in determining that she did not sustain a physical impact; (2) in failing to distinguish the facts of her case from the facts in Buckley; (3) in misinterpreting Buckley; and (4) in denying her motion for reconsideration. All of the arguments presented by plaintiff involve one overriding issue—did plaintiff suffer a physical impact within the meaning of the zone-of-danger test when she was exposed to diesel fumes? We are persuaded that plaintiff has

7

alleged a physical impact and, thus, defendant was not entitled to summary judgment.

We review summary judgment orders de novo, applying the same standard used by the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012)). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see also Templo Fuente De Vida Corp., 224 N.J. at 199. When no issues of material fact exist, but a question of law remains, our review of that legal issue is plenary. Templo Fuente De Vida Corp., 224 N.J. at 199 (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Here, the question presented is whether plaintiff has brought a cognizable claim for emotional injuries under FELA. A FELA claim brought in state court is governed by federal law. Donovan v. Port Auth. Trans-Hudson Corp., 309 N.J. Super. 340, 348 (App. Div. 1998). FELA "makes common carrier railroads liable in damages to employees who suffer work-related injuries caused 'in

whole or in part' by the railroad's negligence." Norfolk & W. Ry. Co. v. Ayers, 538 U.S. 135, 140 (2003) (quoting 45 U.S.C. § 51). An employer has a duty under FELA "to use reasonable care in providing employees a safe work environment." Stevens v. N.J. Transit Rail Operations, 356 N.J. Super. 311, 319 (App. Div. 2003) (citing Bailey v. Cent. Vt. Ry., 319 U.S. 350, 352 (1943)). "[T]he quantum of evidence required to establish liability in a FELA case is much less than in an ordinary negligence case." Kapsis v. Port Auth. of N.Y. & N.J., 313 N.J. Super. 395, 403 (App. Div. 1998) (quoting Harbin v. Burlington N. R.R. Co., 921 F.2d 129, 131 (7th Cir. 1990)). Accordingly, an employer may be held liable for risks that would be too remote to support liability at common law. See Stevens, 356 N.J. Super. at 318-19.

Claims for emotional distress are permitted under FELA. Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 550 (1994). Such claims are divided into two categories: (1) "[s]tand-alone emotional distress claims not provoked by any physical injury," and (2) "emotional distress claims brought on by a physical injury, for which pain and suffering recovery is permitted." Ayers, 538 U.S. at 147. In finding stand-alone emotional distress claims to be cognizable, the United States Supreme Court acknowledged "the potential for fraudulent and trivial claims" and the prospect that such suits could "lead to unpredictable and

9

nearly infinite liability for defendants." Gottshall, 512 U.S. at 551-52. To address those liability concerns, the Court adopted a zone-of-danger test, which limits the scope of stand-alone emotional distress claims brought under FELA. Id. at 554. Under the zone-of-danger test, claims are confined "to plaintiffs who: (1) 'sustain a physical impact as a result of a defendant's negligent conduct'; or (2) 'are placed in immediate risk of physical harm by that conduct' - that is, those who escaped instant physical harm, but were 'within the zone of danger of physical impact.'" Ayers, 538 U.S. at 146 (quoting Gottshall, 512 U.S. at 547-48).

In Buckley, the Court applied the zone-of-danger test to the plaintiff's FELA stand-alone emotional distress claim that was solely based on his exposure to asbestos, and not on any related disease or symptom. See 521 U.S. at 427-30. The Court held that the plaintiff could not bring an emotional distress claim under FELA for a fear of developing cancer stemming from the exposure to asbestos. Id. at 432. In that regard, the Court reasoned that exposure alone was insufficient to show a physical impact under the zone-of-danger test. Ibid. The Buckley Court explained that "the words 'physical impact' do not encompass every form of 'physical contact.'" Ibid. Accordingly, the Buckley Court held that an asymptomatic plaintiff did not suffer a physical impact after "a simple

10

physical contact with a substance that might cause a disease at a substantially later time—where that substance, or related circumstance, threatens no harm other than that disease-related risk." Id. at 430.

In ruling that exposure alone was not a physical impact, the Buckley Court explained that emotional-distress claims that satisfy the zone-of-danger test generally involve "a threatened physical contact that caused, or might have caused, immediate traumatic harm." Id. at 430-31 (citing Deutsch v. Shein, 597 S.W.2d 141, 146 (Ky. 1980) (holding that x-ray exposure was a "physical contact" supporting recovery for emotional suffering where immediate harm to fetus was suspected)). Moreover, the Buckley Court recognized that under common law, "a plaintiff who exhibits a physical symptom of exposure [may] recover" for emotional distress caused by such exposure. Id. at 432 (citing Herber v. Johns-Manville Corp., 785 F.2d 79, 85 (3d Cir. 1986); Mauro v. Owens-Corning Fiberglas Corp., 225 N.J. Super. 196 (App. Div. 1988)); see also id. at 436-37 ("The common law permits emotional distress recovery for that category of plaintiffs who suffer from a disease (or exhibit a physical symptom) . . . thereby finding a special effort to evaluate emotional symptoms warranted in that category of cases[.]").

11

Here, plaintiff seeks recovery for the emotional injury of PTSD. She is not seeking recovery for any physical injury. As such, her claim is a stand-alone emotional distress claim that must satisfy the zone-of-danger test. Plaintiff argues that she satisfies both prongs of the test. First, she argues she suffered a physical impact when she was exposed to diesel fumes, inhaled the fumes, and fainted. Second, she argues that working in the train tunnels with the diesel fumes placed her in an immediate risk of physical harm. The trial court rejected plaintiff's arguments, found her claim to be analogous to the claim in Buckley, and held that plaintiff had not satisfied the zone-of-danger test.

In cases under FELA, whether a claimant has satisfied the zone-of-danger test is a question of law, which on appeal is reviewed de novo. Smith v. Union Pac. R.R. Co., 236 F.3d 1168, 1170 (10th Cir. 2000); Nelson v. Metro-North Commuter R.R., 235 F.3d 101, 113 n.12 (2d Cir. 2000); Everett v. Norfolk S. Ry. Co., 734 S.E.2d 388, 390 (Ga. 2012). Viewing the facts in the light most favorable to plaintiff, we conclude that she has pled a "physical impact" under the zone-of-danger test as described in Gottshall and Buckley. Namely, plaintiff was exposed to a noxious substance, diesel fumes, and suffered an immediate physical symptom from that exposure—she fainted. See Buckley, 521 U.S. at 432, 437. Moreover, she immediately began to suffer from PTSD. We find

plaintiff's exposure to diesel fumes constitutes a physical impact as the exposure caused plaintiff to suffer the immediate physical harm of fainting.

The parties disagree as to whether the diesel fumes caused plaintiff to faint, however, plaintiff has provided sufficient facts to create a genuine material factual dispute on this issue. Namely, plaintiff has provided a toxicologist's report authored by Donald A. Fox, Ph.D., dated July 21, 2017, wherein Dr. Fox concludes: "[I]t is my professional opinion that, [M.M.'s] exposure to diesel exhaust in the PATH tunnel and relay room on Sunday, December 9, 2012, caused her syncope." Dr. Fox's report combined with plaintiff's testimony from her deposition creates a factual dispute as to whether the diesel fumes caused plaintiff to faint.[3] Accordingly, resolving this dispute is a matter for a jury.

We further conclude that the trial court incorrectly equated the facts underlying the instant case with those in Buckley. In Buckley, the plaintiff suffered no symptoms from his exposure to asbestos, and his emotional injury was based on his fear of contracting an illness at some point in the future. 521 U.S. at 427. Here, plaintiff has pled that she suffered an immediate symptom,

---

[3] Defendant argues we should not consider the toxicologist's report as it is a net opinion that was not disclosed in discovery. The trial court made no evidentiary rulings on the expert report. As such, we consider the report as part of the record. On remand, the trial court may address the admissibility of the report.

A-0561-17T4

fainting, after she was exposed to the diesel fumes. She further argues that her emotional injury of PTSD is an injury that developed directly after, and as a result of the incident.

Federal case law does not foreclose a claim for stand-alone emotional distress brought on by a single physical impact from a noxious substance. In that regard, we have found no decision by the United States Supreme Court or the United States Court of Appeals for the Third Circuit that has precluded a claim based on a one-time physical impact from exposure to noxious fumes. Consequentially, we are persuaded that this case involves more than exposure to "a substance that might cause a disease at a substantially later time[.]" Buckley, 521 U.S. at 430. Instead, plaintiff's stand-alone claim for emotional distress satisfies the zone-of-danger test because she suffered a physical impact when she was exposed to diesel fumes that caused her to faint. Accordingly, defendant was not entitled to summary judgment on this issue.

We note that defendant moved for summary judgment on the ground that plaintiff had not satisfied the zone-of-danger test, and therefore, her stand-alone claim of emotional distress was not cognizable under FELA. Defendant did not challenge plaintiff's proofs as to any other element of negligent infliction of emotional distress. Nonetheless, we comment briefly on the issue of causation.

14

While it remains for the jury to determine whether plaintiff's exposure to the diesel fumes caused her emotional injury of PTSD, for summary judgment purposes, we find plaintiff has provided sufficient evidence connecting her emotional injury to the diesel exposure. Namely, plaintiff has provided the expert opinion of her psychiatrist who concluded that plaintiff developed PTSD as a result of "the accident" that occurred in the train tunnels on December 9, 2012, which included plaintiff's exposure to the diesel fumes and her subsequent fainting and falling.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0561-17T4